**United States Bankruptcy Court**
**Northern District of Illinois**

| Name of Individual Debtor: (enter Last, First, Middle): | Name of Individual Debtor: (Spouse)( Last, First, Middle): |
|---|---|
| **Bridgeford, William B.** | **Bridgeford, Susan C.** |

| All Other Names used by the Debtor in the last 8 years: (include married, maiden, and trade names) | All Other Names used by the Joint Debtor in the last 8 years: (include married, maiden, and trade names) |
|---|---|

| Last four digits of Soc. Sec. Complete EIN or other Tax I.D. No. (if more than one , state all): **6192** | Last four digits of Soc. Sec. Complete EIN or other Tax I.D. No. (if more than one, state all): **2301** |
|---|---|

| Street Address of Debtor (No. & Street, City, and State): | Street Address of Debtor (No. & Street, City, and State): |
|---|---|
| **16100 Seneca Lake Circle Crest Hill, Illinois 60403** | |

| County of Residence or of the Principal Place of Business: **Will** | County of Residence or of the Principal Place of Business: |
|---|---|

| Mailing Address of debtor if different from street address: | Mailing Address of debtor if different from street address: |
|---|---|

| Location of Principal Assets of Business Debtor (if different from street address above): |
|---|

**Type of Debtor** (Form of Organization)
(Check **one** box)
[X] Individual (includes joint debtor)
[ ] Corporation (includes LLC and LLP)
[ ] Partnership
[ ] Other (If debtor is not one of the above entities, check this box and provide the information requested below.)

_____

**Nature of Business**
(Check **one** box)
[ ] Health Care Business
[ ] Single Asset Real Estate as defined in: 11 U.S.C. § 101 (51B)
[ ] Railroad
[ ] Stockbroker
[ ] Commodity Broker
[ ]Clearing Bank
[ ] Other

**Tax-Exempt Entity**
[ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code

**Chapter of Bankruptcy Code Under Which**
**the Petition is Filed** (Check one box)

[ ] Chapter 7 [ ] Chapter 11 [ ] Chapter 15 Petition for Recognition
[ ] Chapter 9  [ ] Chapter 12  of a Foreign Main Proceeding
[X] Chapter 13 [ ] Chapter 15 Petition for Recognition

**Nature of Debts** (Check one box)

[X] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose"
[ ] Debts are primarily business debts.

**Filing Fee** (Check one box)
[X] Full Filing Fee attached
[ ] Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

[ ] Filing Fee waiver requested (Applicable to Chapter 7 individuals only). Must attach signed application for court's consideration.  See Official Form 3B.

**Chapter 11 Debtors**
**Check one box:**
[ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
[ ] Debtor is not a small business debtor as defined in 11USC § 101(51D).
- - - - - - - - - - - - - - - - - - - - - - - - - - - -
**Check if:**
[ ] Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2 million.
**Check all applicable boxes:**
[ ] A plan is being filed with this petition.
[ ] Acceptances of the plan were solicited prepetition from one or  more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/ Administrative Information**

[ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
[X] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE FOR COURT USE ONLY

Estimated Number of  Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000.001 to $10 million | $10,000,001 to $50 million | $50,000,001 $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Debts

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000.001 to $10 million | $10,000,001 to $50 million | $50,000,001 $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

| **Voluntary Petition** | Name of Debtor(s) |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than one, attach additional sheet)

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet )

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting Relief under Chapter 11.)<br><br>[ ] Exhibit A is attached and made a part of this petition.. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the forgoing petition, declare that I have informed The petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11 United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code/<br>_____/s/_____ Paul C. Sheils _____<br>Paul C. Sheils, Attorney for Debtor(s)      Date |

**Exhibit C**

Does debtor own or have possession of any property that poses or is   alleged to pose a threat of imminent and identifiable harm to public health or safety?

[ ] Yes, and Exhibit C is attached and made part of this petition

**[X]** No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D)

   **[X]** Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

   **[X]** Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor-Venue**
( Check any applicable box)

**[X]**   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

[ ]   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

[ ]   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal  or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Statement by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)
[ ]   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

[ ]   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

[ ]   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of this petition.

| Voluntary Petition | Name of Debtor(s): |
|---|---|

**Signatures**

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition
Is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has
chosen to file under Chapter 7] I am aware that I may proceed under Chapter 7,
11, 12, or 13 of Title 11 United States code, understand the relief available under
each such chapter, and choose to proceed under Chapter 7.
I request relief in accordance with the chapter of Title 11, United states Code,
Specified in this petition.

_____/s/_____ **Bridgeford, William B.**
Signature of Debtor

_____/s/_____ **Bridgeford, Susan C.**
Signature of Joint Debtor

_____
Date

### Signature of Attorney

_____/s/_____ Paul C. Sheils
Signature of Attorney for Debtor

_____PAUL C. SHEILS_____
Printed Name of Attorney for Debtor(s)

_____PAUL C. SHEILS, ATTORNEY_____
Firm Name

_____15 SALT CREEK LANE, SUITE 122_____
Address

_____HINSDALE, ILLINOIS 60521_____

_____(630) 655-1204_____
Telephone Number

_____
Date

# UNITED STATES BANKRUPTCY COURT

_____ Northern _____ **District of** _____ Illinois _____

In re __**Bridgeford, William B.**___**Bridgeford, Susan C.**___   Case No. _____
Debtor(s)   (if known)

**EXHIBIT D – INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT**

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you can not do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

Every individual debtor must file this Exhibit D. If a joint person is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.

[**X**]1.  Within the 180 days **before the filing of my bankruptcy case**. I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

[ ]2.  Within the 180 days **before the filing of my bankruptcy case**. I received a briefing from  a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

[ ]3.  I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and that following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.] [Summarize exigent circumstances here.]* _____

_____

   **If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in a dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

[ ]4.  I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

[ ]Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

[ ]Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after unreasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the internet.);

[ ]Active military duty in a military combat zone.

[ ]5.  The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

I certify under penalty of perjury that the information provided above is true and correct.

Signature of Debtor:  _____/s/_____  **Bridgeford, William B.**

Signature of Codebtor:  _____/s/_____  **Bridgeford, Susan C.**

Date: _____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re ___**Bridgeford, William B.**___   ___**Bridgeford, Susan C.**___        Case No. _____

Chapter _____

## SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED YES/NO | NO. OF SHEETS | ASSETS | DEBTS | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $257,000 | | |
| B - Personal Property | Yes | 3 | $14,600 | | |
| C - Property Claimed as Exempt | Yes | 1 | $5,000 | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $232,319 | |
| E - Unsecured Priority Claims | Yes | 1 | 0 | $0.00 | |
| F - Unsecured Nonpriority Claims | Yes | 1 | 0 | $149,088 | |
| G - Executory Claims/ Unexpired Leases | Yes | 1 | 0 | 0 | |
| H - Codebtors | Yes | 1 | 0 | 0 | |
| I - Debtor's Current Income | Yes | 1 | 0 | 0 | $6,574 |
| J - Debtor's Current Expenses | Yes | 1 | 0 | 0 | $5,966 |
| | | 12 | 0 | 0 | |
| | | | $371,600 | 0 | |
| | | | | $381,407.00 | |

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re   **Bridgeford, William B.     Bridgeford, Susan C.**            Case No. _____

Chapter _____

## STATISTICAL SUMMARY OF CERTIAN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11, or 13, you must report all information requested below.

[ ] Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for stastical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic support obligations (from Schedule E) | $0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $0.00 |
| Student Loan Obligations (from Schedule F) | $0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit Sharing, and Other Similar Obligations (from Schedule F) | $0.00 |
| TOTAL | $0.00 |

**State the following:**

| | |
|---|---|
| Average income (from Schedule I, Line 16) | $6,574.00 |
| Average Expenses (from Schedule J, Line 18) | $5,966.00 |
| Current Monthly Income (from Form 22A, Line 12; **OR,** Form 22B Line 11; **OR,** Form 22C, Line 20) | $8,021.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column. | | $15,904.00 |
| 2. Total from Schedule E, "ÁMOUNT ENTITLED TO PRIORITY, IF ANY" column. | $ | 0.00 |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column. | | $0.00 |
| 4. Total from Schedule F. | | $149.088.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 2, and 4. | | $16,053.088 |

In re:___**Bridgeford, William B.**___**Bridgeford, Susan C.**___          Case No. _____

### SCHEDULE A- REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as co tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTORS INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **SFH 16100 Seneca Lake Circle, Crest Hill, Illinois 60403** | **Homestead Joint Ownership** | **J** | **$235,000.00** | **$219,756.00** |
| **Time Share Cancun** | **Joint Ownership** | **J** | **22,000.00** | **$12,200.00** |
| | **Total** | | **$257,000.00** | **$231,956.00** |

In re __**Bridgeford, William B.**__   __**Bridgeford, Susan C.**__          Case No. _____

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no personal property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and location of Property." In providing the information requested in this schedule, do not include the name or address of a minor child. Simply state "a minor child."

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.   Cash on hand. | | **16100 Seneca Lake Circle, Crest Hill, Illinois 60403** | **J** | **$200.00** |
| 2.   Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Harris Bank**  **Charter One** | **J**  **J** | **$200.00**  **$200.00** |
| 3.   Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.   Household goods and furnishings, including audio, video, and computer equipment. | | **6100 Seneca Lake Circle, Crest Hill, Illinois 60403** | **J** | **$500.00** |
| 5.   Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.   Wearing apparel. | | **16100 Seneca Lake Circle, Crest Hill, Illinois 60403** | **J** | **$500.00** |
| 7.   Furs and jewelry. | X | | | |
| 8.   Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.   Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.  Annuities. Itemize and name each issuer. | X | | | |
| 11.  Interests in education IRA as defined in 26 USC S 529(b)(1). Give particulars. (File separately the records of any such interests. 11USC s 521(c) Rule 1007(b). | X | | | |

In re __Bridgeford, William B.   Bridgeford, Susan C.__          Case No. _____

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H USBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support,, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

In re __**Bridgeford, William B.   Bridgeford, Susan C.**__          Case No. _____

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22.  Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23.  Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24.  Customer lists or other compilations containing personally identifiable information (as defined in 11 USC s 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | | **1993 Bonnieville 2008 Impala 16100 Seneca Lake Circle, Crest Hill, Illinois 60403** | **J J** | **$500.00 $12,000.00** |
| 26.   Boats, motors and accessories. | | | | |
| 27.  Aircraft and accessories. | | | | |
| 28.  Office equipment, furnishings and supplies. | | | | |
| 29.  Machinery,  fixtures, equipment and supplies used in business. | | | | |
| 30.  Inventory. | | | | |
| 31.  Animals. | | | | |
| 32.  Crops – growing or harvested. Give particulars. | | | | |
| 33.  Farming equipment and implements. | | | | |
| 34.  Farm supplies, chemicals and feed. | | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | | | | |
| | | **Total personal property** | | **$14,100.00** |

In re __**Bridgeford, William B.   Bridgeford, Susan C.**__     Case No. _____

### SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under
(check one box)
[ ]   11 U. S. C. § 522 (b)(2):
[**X**]   11 U. S. C. § 522 (b)(3):

[ ] Check if debtor claims an exemption that exceeds
$125,000.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Cash on hand | 735 IL COM STATS Sec 5/12-1001(b) | **$ 200.00** | **$ 200.00** |
| Harris Bank | 735 IL COM STATS Sec 5/12-1001(b) | **$ 200.00** | **$ 200.00** |
| Charter One | 735 IL COM STATS Sec 5/12-1001(b) | **$200.00** | **$200.00** |
| Household Good | 735 IL COM STATS Sec 5/12-1001(b) | **$ 500.00** | **$ 500.00** |
| Wearing Apparel | 733 IL COM STATS Sec 5/12-1001(a) | **$ 500.00** | **$ 500.00** |
| 1993 Bonnieville | 735 IL COM STATS Sec 5/12-1001(c) | **$ 1,000.00** | **$ 1,000.00** |
| 2008 Impala | 735 IL COM STATS Sec 5/12-1001(c) | **$2,400.00** | **$12,000.00** |
| | **Total exemptions** | **$5,000.00** | **$14,600.00** |

In re _____ **Bridgeford, William B.  Bridgeford, Susan C.** _____  Case No. _____

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If a "minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s) on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

[ ] Check is box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER *(See instructions above)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| **0130313232 Wells Fargo Mortgage PO Box 5296 Carol Stream, IL 60197** | | **J** | **2001 First Mortgage SFH 16100 Seneca Lake Circle, Crest Hill, Illinois 60403 $235,000.00** | | | | **$144,444.00** | **$0.00** |
| **00006100247423 Harris Bank P. O. Box 94033 Palatine, IL 60094-4033** | | **J** | **2006 Second Mortgage SFH 16100 Seneca Lake Circle, Crest Hill, Illinois 60403 $235,000.00** | | | | **$74,652.00** | **$0.00** |
| **Westin Time Share** | | **J** | **2007 Time Share Cancun Ppty $22,000.00** | | | | **$12,200.00** | **$0.00** |
| **7001098139604852 HSBC Retail Services PO Box 17298 Baltimore, MD  21297** | | **W** | **2008 Store Charge Appliances 1,200.00** | | | | **$1,023.00** | **$0.00** |
| | | | **Total secured** | | | | **$232,319.00** | |
| | | | | | | | | |
| | | | | | | | | |

In re _____**Bridgeford, William B.  Bridgeford, Susan C.**_____          Case No. _____

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed on this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If a "minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "x" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C," in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unadjudicated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule, Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all amounts entitled to priority listed of this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individuals debtors with primarily consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

[X] Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in  that category are listed on the attached sheets.)

[ ] **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or  the parent, legal guardian, or responsible relative of such a child, or governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ] **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U. S. C. § 507(a)(3).

[ ] **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,000* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ] **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U. S. C. § 507(a)(5).

In re    Bridgeford, William B.          Bridgeford, Susan C.          Case No. _____

[ ] **Certain farmers and fishermen**

      **Claims of certain farmers and fishermen, up to a maximum of $4,925\* per farmer or fisherman, against debtor, as provided in 11 U. S. C. § 507(a)(6).**

[ ] **Deposits by individuals**

      **Claims of individuals up to a maximum of $2,225\* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided, as provided in 11 U. S. C. §  507(a)(7).**

[ ] **Taxes and Certain Other Debts Owed to Governmental Units**

      Taxes, custom duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U. S. C. §  507(a)(8).

[ ] **Commitments to Maintain the Capital of an Insured Depository Institution**

      **Claims based on commitments to the FCIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution as provided in 11 U. S. C. § 507(a)(9).**

[ ] **Claims for Death or Personal Injury While Debtor was Intoxicated**

      Claims for death or personal injury  resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

\*  Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with resect to cases commenced on or after the date of adjustment,

_____ continuation sheets attached

In re __**Bridgeford, William B.    Bridgeford, Susan C.**__    Case No. _____

## SCHEDULE F  -  CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding unsecured claims without priority against the property of  the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If a "minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

[ ] Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER *(See instructions above)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM. IF  CLAIM IS SUBJECT TO SETORR, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| X-8-41009<br>**American Express**<br>**Box 0001**<br>**Los Angeles, CA 90096-8000** | | W | **Unknown**<br>**Credit Card** | | | | **$12,921.69** |
| X-6897<br>**Bank of America**<br>**P.O. Box 851001**<br>**Dallas, TX 75285-1001** | | W | **Unknown**<br>**Credit Card** | | | | **$11,291.34** |
| X-5178<br>**Capital One Bank**<br>**P.O. Box 6492**<br>**Carol Stream, IL 60197-6492** | | J | **Unknown**<br>**Credit Card** | | | | **$10,051.22** |
| X-7478<br>**Capital One Bank**<br>**P.O. Box 6492**<br>**Carol Stream, IL 60197-6492** | | J | **Unknown**<br>**Personal Loan** | | | | **$21,076.86** |
| X-0717<br>**Chase – Cardmember Service**<br>**P.O. Box 15153**<br>**Wilmington, DE 19886-5153** | | J | **Unknown**<br>**Credit Card** | | | | **$37,806.39** |
| | | | **Total** | | | | **$93,147.50** |

In re __**Bridgeford, William B.   Bridgeford, Susan C.**__   Case No. _____

## SCHEDULE F  -  CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER *(See instructions above)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| X-4624 **Chase – Cardmember Service P.O. Box 15153 Wilmington, DE 19886-5153** | | W | Unknown Credit Card | | | | $15,080.65 |
| X-3590 **Chase – Cardmember Service P.O. Box 15153 Wilmington, DE 19886-5153** | | W | Unknown Credit Card | | | | $15,102.58 |
| X-7514 **Chase – Cardmember Service P.O. Box 15153 Wilmington, DE 19886-5153** | | W | Unknown Credit Card | | | | $6,455.76 |
| X-3100 **GE Money Bank P.O. Box 960061 Orlando, FL 32896-0061** | | H | Unknown Credit Card | | | | $3,655.09 |
| X-6820 **GM Card HSBC Card Services P.O. Box 37281 Baltimore, MD 21297-3281** | | H | Unknown Credit Card | | | | $8,248.94 |
| X-1061 **Carson Pirie Scott HSBC Retail Services P.O. Box 17264 Baltimore, MD 21297-1264** | | W | Unknown Credit Card | | | | $774.42 |
| X-490-21 **JC Penneys P.O. Box 960090 Orlando, FL 32896-0090** | | W | Unknown Credit Card | | | | $1,019.28 |
| | | | Total unsecured from page 1 | | | | $93,147.50 |
| | | | Total unsecured | | | | $143,484.22 |

In re __**Bridgeford, William B.   Bridgeford, Susan C.**__   Case No. _____

## SCHEDULE F  -  CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (*See instructions above*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM. IF  CLAIM IS SUBJECT TO SETOFF  SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **X-0569 Meijer Platinum MC/GEMB P.O. Box 960015 Orlando, FL 32896-0015** | | **W** | **Unknown Credit Card** | | | | **$249.33** |
| **X-3846 Menards Retail Services P.O. Box 17602 Baltimore, MD 21297-1602** | | **W** | **Unknown Credit Card** | | | | **$3,338.50** |
| **X-4555 Sears Credit Cards P.O. Box 183082 Columbus, OH 43218-3082** | | **W** | **Unknown Credit Card** | | | | **$2,016.02** |
| | | | **Total unsecured from page 2** | | | | **$143,484.22** |
| | | | **Total unsecured** | | | | **$149,088.07** |

In re   **Bridgeford, William B.   Bridgeford, Susan C.**      Case No. _____

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.**
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a creditor,
indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

[X] Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDEDTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENTAL CONTRACT. |
|---|---|
| | |

In re _____**Bridgeford, William B.   Bridgeford, Susan C.**_____          Case No. _____

# SCHEDULE H - CODEBTORS

Provide information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signors. If debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

[X ] Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

In re __**Bridgeford, William B.   Bridgeford, Susan C.**__          Case No. _____

### SCHEDULE I – CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 7, 11, 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

| Debtor's Marital Status:<br><br>Married | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S) | AGE(S) |

| Employment: | **Retired**    DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | **Banquet Server** |
| Name of Employer | | **Giovan** |
| How long employed | | **3 years** |
| Address of Employer | | |

**INCOME:** (Estimate of average monthly income)          DEBTOR                    SPOUSE

| | DEBTOR | SPOUSE |
|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (pro rate if not paid monthly) . . . . . . . . . . . . . . . . . . . . $ | **6,398.20** | $ **427.00** |
| 2. Estimated monthly overtime . . . . . . . . . . . . . . . . . . . $ | **0.00** | $ **0.00** |
| 3. SUBTOTAL | $ **6,398.20** | $ **427.00** |
| 4.        LESS PAYROLL DEDUCTIONS | | |
| a.    Payroll taxes and social security . . . . . . . . . . . $ | **721.00** | $ **42.00** |
| b.    Insurance . . . . . . . . . . . . . . . . . . . . . . $ | **675.00** | $ **0.00** |
| c.    Union dues . . . . . . . . . . . . . . . . . . . . . $ | **0.00** | $ **0.00** |
| d.    Other (Specify): . . . . . . . . . . . . . . . . . . . $ | **0.00** | $ **0.00** |
| 5.        SUBTOTAL OF PAYROLL DEDUCTIONS . . . . . . . . . $ | **1,396.00** | $ **42.00** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY . . . . . . . . . . . . $ | **5,002.00** | $ **385.00** |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) . . . . . . . . . . . . . . . . . . . . . . $ | **0.00** | $ **0.00** |
| 8. Income from real property . . . . . . . . . . . . . . . . . . . $ | **0.00** | $ **0.00** |
| 9. Interest and dividends . . . . . . . . . . . . . . . . . . . . . $ | **0.00** | $ **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above . . . . . . . . . . . $ | **0.00** | $ **0.00** |
| 11. Social security or other government assistance (Specify)  Social Security . . . . . . . . . . . . . . . . . . . $ | **63.00** | $ **406.00** |
| 12. Pension or retirement income . . . . . . . . . . . . . . . . . $ | **0.00** | $ **727.00** |
| 13. Other monthly income (Specify) . . . . . . . . . . . . . . . . . . . . . . . . . . $ | **0.00** | $ **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ **63.00** | $ **1,133.00** |
| 15. AVERAGE MONTHLY INCOME . . . . . . . . . . . . . . . . . | $ **5,066.00** | $ **1,518.00** |

16. COMBINED AVERAGE MONTHLY INCOME  $   **6,573.00**          (Report also on Summary of Schedules)

17. Describe any increase or decrease reasonably anticipated to occur within the year following the filing of this document:  **None**

In re:  **Bridgeford, William B.    Bridgeford, Susan C.**                Case No. _____

# SCHEDULE J- CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

[] Check this box if a joint petition is filed and debtor's spouse maintains a separate household. If box is checked, complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) . . . . . . . . . . . . . . . . . . . . . . $ | | **1,450.00** |
| a. Are real estate taxes included?   Yes ___**X**___   No _____ | | |
| b. Is property insurance included?   Yes ___**X**___   No _____ | | |
| 2. Utilities:      a. Electricity and heating fuel . . . . . . . . . . . . . . . . . . . . . . . . . $ | | **280.00** |
| b. Water and sewer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | | **40.00** |
| c. Telephone. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | | **300.00** |
| d. Other _____ . . . $ | | **0.00** |
| 3. Home maintenance (repairs and upkeep) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | | **250.00** |
| 4. Food. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | | **650.00** |
| 5. Clothing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | | **250.00** |
| 6. Laundry and dry cleaning. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | | **0.00** |
| 7. Medical and dental expense. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | | **718.00** |
| 8. Transportation (not including car payments) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | | **330.00** |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. . . . . . . . . . . . . . . . . . . . . . . $ | | **23.00** |
| 10. Charitable contributions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | | **86.00** |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | | **0.00** |
| b. Life. . . . . . . . . . **AARP** . . . . . . . . . . . . . . . . . . . . . . . . . $ | | **115.00** |
| c. Health. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | | **0.00** |
| d. Auto. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | | **60.00** |
| e.Other _____**Midland Life**_____ . . . $ | | **95.00** |
| | | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) _____ . . . $ | | **0.00** |
| | | |
| 13. Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | | **0.00** |
| b. Other _____ . . . $ | | **0.00** |
| c. Other _____ . . . . . $ | | **0.00** |
| d. Other _____ . . . $ | | **0.00** |
| | | |
| 14. Alimony, maintenance, and support to others. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | | **0.00** |
| 15. Payments for support of additional dependents not living at your home. . . . . . . . . . . . . . . . . . . . $ | | **0.00** |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) . . . . . . . . . $ | | **15.00** |
| 17. Other _____**Home Equity Loan – Harris Bank**_____ . . . $ | | **1,170.00** |
| Other _____**Vistana Time Share**_____ . . . $ | | **199.00** |

18. TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) . . . . . . . . . . . . . . . . .  $ | **$5,966.00**

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year
following the filing of this document.
x_____

20. STATEMENT OF MONHLY NET INCOME
| | | |
|---|---|---:|
| a. Total monthly income from Line 16 of Schedule I . . . . . . . . . . . . . . . . . . . . . . . . $ | | **6,574.00** |
| b. Total projected monthly expenses. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | | **5,966.00** |
| c. Monthly net income (a. minus b.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | | **608.00** |

# United States Bankruptcy Court
## Northern District of Illinois

In Re __Bridgeford, William B.    Bridgeford, Susan C.__        Case No. _____

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF  PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __19 ___ sheets *[total shown on summary page plus 2]*, and that they are true and correct to the best of my knowledge, information  and belief.

Date _____        Signature _____ /s/**Bridgeford, William B.** _____

Date _____        Signature _____ /s/**Bridgeford, Susan C.** _____

*Penalty for making a false statement or concealing property:* Fine of up to $500.000 or imprisonment for up to 5 years or both.
18 U.S.C. § § 152 AND 3571.

UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF ILLINOIS

In re __**Bridgeford, William B.   Bridgeford, Susan C.**__          Case No. _____

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating 'a minor child." See 11 U.S.C. **§** 112; Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. **If the answer to an applicable question is "none," mark the box labeled "None."** If additional space is needed to answer any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietorship or self employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in trade, business, or other activity, other than as an employee, to supplement income from debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11U.S.C. § 101.

1. **Income from employment or operation of business**

None
[**X**]
State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of the calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal year rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

DEBTOR:

| YEAR | AMOUNT | SOURCE |
|------|--------|--------|
| **2008** | $   **0.00** | |
| **2009** | $   **0.00** | |
| **Y-T-D** | $   **0.00** | |

SPOUSE:

| YEAR | AMOUNT | SOURCE |
|---|---|---|
| **2008** | $ **5,426.10** | **GIOVICS INC.** |
| **2009** | $ **4,828.07** | **GIOVICS INC.** |
| **Y-T-D** | $ **0.00** | |

### 2.    Income other than from employment or operation of business

None
[X]

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

DEBTOR:

| YEAR | AMOUNT | SOURCE |
|---|---|---|
| **2008** | $ **74,326.00** | **PENSION & SOCIAL SECURITY** |
| **2009** | $ **76,606.00** | **PENSION & SOCIAL SECURITY** |
| **Y-T-D** | $ **0.00** | |

SPOUSE:

| YEAR | AMOUNT | SOURCE |
|---|---|---|
| **2008** | $ **8,470.00** | **PENSION** |
| **2009** | $ **13,596.00** | **PENSION & SOCIAL SECURITY** |
| **Y-T-D** | $ **0.00** | |

### 3.    Payments to creditors

*Complete a or b, as appropriate, and c.*

None
[X]

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
[X]

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case if the aggregate of all property that constitutes or is affected by such transfer is not less than $5,000. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
[X]

c. *All debtors:* List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must state income for

each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITORS AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

**4.    Suits and administrative proceedings, executions, garnishments and attachments:**

None
[**X**]

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NO. | NATURE OF PROCEEDING | COURT AND LOCATION | STATUS OR DISPOSITION |
| --- | --- | --- | --- |

None
[**X**]

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**5.    Repossessions, foreclosures, and returns:**

None
[**X**]

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**6.    Assignments and receiverships:**

None
[**X**]

a. Describe any assignment of property for the benefit of creditors made within **120 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR  SETTLEMENT |
| --- | --- | --- |

None    b. List all property which has been in the hands of  a custodian, receiver or court-appointed official within **one year**

[X]  immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION & VALUE OF PROPERTY |
| --- | --- | --- | --- |
| | | | |

---

**7.   Gifts**

None
[X]  list all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |
| | | | |

---

**8.   Losses**

None
[X]  List all losses from fire, theft, other calamity or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |
| | | |

---

**9.   Payment related to debt counseling or bankruptcy within one (1) year of filing:**

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **Paul C. Sheils, Attorney** **15 Salt Creek Lane, Suite 122** **Hinsdale, IL 60521** | **2/27/2010** **4/12/10** **5/1/10** **6/2/10** | **$500.00** **$250.00** **$250.00** **$500.00** |

**10.  Other transfers**

None
[X]
a. List all other property, other than property transferred in the ordinary course of business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF | DATE | DESCRIBE PROPERTY |
| TRANSFEREE, RELATIONSHIP | | TRANSFERRED AND |
| TO DEBTOR | | VALUE RECEIVED |

None
[X]
b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR | DATE(S) OF | AMOUNT OF MONEY OR DESCRIPTION |
| OTHER DEVICE | TRANSFER(S) | AND VALUE OF PROPERTY OR DEBTOR'S |
| | | INTEREST IN PROPERTY |

**11.  Closed financial accounts**

None
[X]
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings or other financial accounts, certificates of deposit, or other instruments, shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS | TYPE AND NUMBER OF ACCOUNT | AMOUNT AND DATE OF |
| OF INSTITUTION | AND AMOUNT OF FINAL BALANCE | SALE OR CLOSING |

**12.  Safe deposit boxes**

None
[X]
List each safe deposit or other box or depository in which the debtor has or had securities, cash or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK | NAMES AND ADDRESSES OF | DESCRIPTION | DATE OF |
| OR OTHER DEPOSITORY | THOSE WITH ACCESS TO | OF CONTENTS | TRANSFER OR |
| | BOX OR DEPOSITORY | | SURRENDER |

**13. Setoffs**

None    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the
[**X**]    commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must state income for
each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAMES AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

**14. Property held for another person**

None    List all property owned by another person that the debtor holds or controls.
[**X**]

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

**15. Prior address of debtor**

None    If a debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the
[**X**]    debtor has occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report
also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

---

**16. Spouses or Former Spouses**

None    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska,
[**X**]    Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin)
within the eight-year period immediately preceding the commencement of  the case, identify the name of
debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME OF SPOUSE OR FORMER SPOUSE

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material

"Site" means any location, facility or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or other similar term under an Environmental Law

---

None   a. List the name and address of every site for which the debtor has received notice in writing by a
[**X**]   governmental unit that it may be liable or potentially liable under or in violation of an Environmental
       Law. Indicate the governmental unit, the date of the notice, and if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

---

None   b.   List the name and address of every site for which the debtor provided notice to a governmental
[**X**]   unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was
       sent and the date of notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

---

None   c.   List all judicial or administrative proceedings, including settlements or orders, under my
[**X**]   Environmental Law with respect to which the debtor is or was a party.  Indicate the name and
       address of the Governmental Unit that was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

---

**18   Nature, location and name of business**

None   a. *If the debtor is an individual,* list the names, addresses, taxpayer identification numbers, nature of the businesses and
[**X**]    beginning and ending dates of all businesses in which the debtor was an officer, director, partner or managing executive of a
       corporation, partner in a corporation, sole proprietor or was self-employed in a trade, profession, or other activity either full-
       or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent
       or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses and the beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the filing of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer identification numbers, nature of the businesses and the beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the filing of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

_____

None
[**X**]

b.   Identify any business listed in 18a that is a "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

_____

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as described above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

_____

19.      **Books, records and financial statements**

None
[**X**]

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

_____

None
[**X**]

b.      List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

_____

None
[**X**]

c.      List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

None   d.    List all financial institutions, creditors and other parties, including mercantile and trade agencies, to
[X]   whom a financial statement was issued within the **two years** immediately preceding the commencement
of this case.

           <u>NAME AND ADDRESS</u>         <u>DATE ISSUED</u>

_____

**20**.    **Inventories**

None   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each
[X]   inventory, and the dollar amount and basis of each inventory.

        <u>DATE OF INVENTORY</u>     INVENTORY      DOLLAR AMOUNT
                                 SUPERVISOR     <u>OF INVENTORY</u>

_____

None   b.    Name of person having possession of inventories.
[X]

      <u>DATE OF INVENTORY</u>         NAME AND ADDRESS OF CUSTODIAN
                                    <u>OF INVENTORY RECORDS</u>

_____

**21.**    **Current Partners, Officers, Directors and Shareholders**

None   a. If the debtor is a partnership, list the nature and the percentage of partnership interest of each member
[X]   of the partnership

     <u>NAME AND ADDRESS</u>     <u>NATURE OF INTEREST</u>    <u>PERCENTAGE OF INTEREST</u>

_____

None   b.    If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who
[X]   directly or indirectly owns, controls or holds 5 percent or more of the voting or equity securities of the
corporation.

     <u>NAME AND ADDRESS</u>    <u>TITLE</u>     NATURE AND PERCENTAGE
                                       <u>OF STOCK OWNERSHIP</u>

_____

**22.**    **Former partners, officers, directors and shareholders**

None   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding
[X]   the commencement of this case.

NAME    ADDRESS    DATE OF WITHDRAWL

None
[X]

b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one** year immediately preceding the commencement of this case.

NAME AND ADDRESS    TITLE    DATE OF WITHDRAWAL

**23.    Withdrawals from a partnership or distribution by a corporation**

None
[X]

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS    DATE OF PURPOSE    AMOUNT OF MONEY OR
OF RECIPIENT,    OF WITHDRAWL    DESCRIPTION AND VALUE
RELATIONSHIP TO DEBTOR    OF PROPERTY

**24.    Tax Consolidation Group**

None
[X]

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of this case.

NAME OF PARENT CORPORATION    LAST FOUR DIGITS OF TAXPAYER IDENTIFICATION #

**25.    Pension Funds.**

None
[X]

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of this case.

NAME OF PENSION FUND    LAST FOUR DIGITS OF TAXPAYER IDENTIFICATION #

DECLARATION CONCERNING DEBTOR'S
STATEMENT OF FINANCIAL AFFAIRS

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto, consisting of a total of 10 sheets, and that they are true and correct.

Date _____    signature: _____ /s/ _____ **Bridgeford, William B.**

Date _____    signature: _____ /s/ _____ **Bridgeford, Susan C.**

# United States Bankruptcy Court
## Northern District of Illinois

In re _____ **Bridgeford, William B.**   **Bridgeford, Susan C.**   _____   Case No. _____

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

[**X**]   I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

[ ]   I have filed a schedule of executory contracts and unexpired leases which includes personal property subject to and unexpired lease.

[**X**]   I intend to do the following with respect to the property of the estate which secures those consumer debts.

| Description of Secured Property | Creditor's Name | Property will be surrendered | Property is claimed as exempt | Property will be redeemed 11 USC § 722 | Debt will be reaffirmed 11 USC §524 (c) |
|---|---|---|---|---|---|
| **16100 Seneca Lake Circle, Crest Hill, Illinois 60403** | | | | | |

| Description of Leased Property | Lessor's Name | Lease will be assumed 11 USC §  362(h)(1)(A) |
|---|---|---|
| | | |

signature:_____/s/_____**Bridgeford, William B.**_____

signature:_____/s/_____**Bridgeford, Susan C.**_____

# United States Bankruptcy Court
## Northern District of Illinois

In re _____ **Bridgeford, William B,** **Bridgeford, Susan C.** _____          Case No. _____

### DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.    Pursuant to 11 U.S.C. Section 329(a) and Bankruptcy rule 2016(b). I certify that I am the attorney for the above-named debtor(s) and that the compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with this bankruptcy case is as follows:

For legal services, I have agreed to accept……………………………………………....    $    **2,500.00**

Prior to the filing of this statement I have received………………………………………    $    **1,500.00**

Balance Due……………………………………………………………………………….    $    **1,000.00**

2.    $ _____ **274** _____ of the filing fee has been paid.

3.    The source of the compensation paid to me was:

        [**X**] Debtor                    [ ] Other (specify)

4.    The source of the compensation to be paid to me is:

        [**X**] Debtor                    [ ] Other (specify)

5.    [**X**]      I have not agreed to share the above compensation with any other person unless they are members or associates of my law firm:

        [ ]      I have agreed to share the above-disclosed compensation with a person or persons who are not members of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

6.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
        a.    Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
        b.    Preparation and filing of any petition, schedules, statements, and plan which may be required;
        c.    Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
        d.    (other provisions as needed)_____
        _____

7.    By agreement with the debtor(s), the above-disclosed fee does not include the following services:    **Representation of the debtor(s) in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.  Any post petition motions including the preparing, filing, arguing and appearing.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Date:                          _____ /s/ _____ Paul C. Sheils _____
                                    Paul C. Sheils, Attorney
                                    15 SALT CREEK LANE, SUITE 122
                                    HINSDALE, ILLINOIS 60521
                                    (630) 655-1204

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342 (b)
## OF THE BANKRUPTCY CODE

In accordance with § 342 (b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees can not give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list in your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly addressed envelope, unless you file a statement with the court requesting that each spouse received a separate copy of all notices.

1. **Services Available from Credit Counseling Agencies**

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individuals debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of financial management instructional courses. Each debtor in a joint case must complete the course.

2. **The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors**

**Chapter 7:** Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain types of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11: Reorganization ($1000 filing fee: $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 should be reviewed with an attorney.

**Chapter 12 : Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules and the local rules of the court. The documents and deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

<u>Certificate of Attorney</u>

I hereby certify that I delivered this notice required by § 342(b) of the Bankruptcy Code.

| | |
|---|---|
| Paul C. Sheils | /s/ Paul C. Sheils |
| Printed Name of Attorney | Signature of Attorney            Date |

Address:
15 SALT CREEK LANE, SUITE 122
HINSDALE, ILLINOIS 60521
(630) 655-1204

**Certificate of Debtor(s)**

I (We), the debtor(s), affirm that I(we) have received and read this notice.

| | |
|---|---|
| Printed Name(s) of Debtor(s) | /s/   **Bridgeford, William B.** |
| | Signature of Debtor            Date |

| | |
|---|---|
| | /s/   **Bridgeford, Susan C.** |
| | Signature of Joint Debtor (if any)   Date |